IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER DALE WILLIAMS                                                                          PLAINTIFF

V.                                    CASE NO. 4:14-cv-00163-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                    DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Roger Williams brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

**I.     PROCEDURAL HISTORY**

Mr. Williams protectively filed his application for supplemental security income on August 15, 2011, alleging a disability onset date of May 9, 2011.[1] (R. at 135.) He alleges complications from his back, a back injury, shoulder, legs swelling, high blood pressure, cholesterol, nerves in his right leg, and pain in his legs and feet. (R. at 139.) Mr. Williams's claim was denied at the initial and reconsideration levels. (R. at 11.) On December 6, 2012, an Administrative Law Judge ("ALJ") held a hearing on this matter.. (R. at 11.) On February 19,

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

2013, the ALJ issued an unfavorable decision, denying Mr. Williams's claim. (R. at 19.) The Appeals Council subsequently denied his request for review. (R. at 1.)

On March 17, 2014, Mr. Williams filed a complaint against the Commissioner, appealing the ALJ's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On March 26, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 4.) On April 25, 2014, Mr. Williams filed an amended complaint. (Pl.'s Amended Compl. 1, ECF No. 6.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 14; Def.'s Br., ECF No. 15; Pl.'s Reply Br., ECF No. 16.)

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Williams was forty-eight years old at the time of the administrative hearing and had graduated from high school. (R. at 30-31.) He had past relevant work as a diesel mechanic and a meat smoker. (R. at 17.) The ALJ applied the five-step sequential evaluation process to Mr. Williams's claim.[2] (R. at 12.) The ALJ found that Mr. Williams satisfied the first step because he had not engaged in substantial gainful activity. (R. at 13.) At step two, the ALJ found that Mr. Williams suffered from the severe medical impairments of a degenerative disc of the lumbar spine, obesity, edema of lower extremities, right shoulder syndrome, hypertension, fatty

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

liver, and obstructive sleep apnea. (R. at 13.) At step three, the ALJ found that Mr. Williams did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appx. 1. (R. at 14.) Before proceeding to step four, the ALJ found that Mr. Williams has a residual functional capacity ("RFC") to perform the light work with certain non-exertional limitations. (R. at 15.) She found that Mr. Williams

> can lift ten pounds frequently and fifteen pounds occasionally. He can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders. He must avoid extreme cold, extreme heat, and hazards such as unprotected heights. He cannot sustain work without the option to sit/stand every 20 minutes.

(R. at 15.) The ALJ determined that Mr. Williams's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible because they were not consistent with the record as a whole. (R. at 16.) The ALJ found at step four that Mr. Williams could not perform his past relevant work. (R. at 17.) At step five, the ALJ determined that the there were jobs that existed in significant numbers in the national economy that Mr. Williams could perform, such as an appointment clerk. (R. at 18.)

### III. STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as

adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV. DISCUSSION

Mr. Williams essentially makes two arguments challenging the ALJ's assessment of his RFC: (1) that substantial evidence does not support the ALJ's decision that Mr. Williams can perform the full range of light work, and (2) that the ALJ failed to incorporate Mr. Williams's obesity into her assessment of Mr. Williams's RFC. (Pl.'s Br. 6-9, ECF No. 14.) The Commissioner responds that substantial evidence supports the ALJ's RFC assessment, and that she properly took into account Mr. Williams's obesity. (Def.'s Br. 4-8, ECF No. 15.) Mr. Williams restated his original arguments in his reply brief. (Pl.'s Reply Br. 1-3, ECF No. 16.)

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ cannot only rely on medical evidence, but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

The ALJ's RFC assessment is supported by substantial evidence. Mr. Williams is factually mistaken in stating that the ALJ found that he could perform the full range of light work. Instead, the ALJ placed many non-exertional limitations on Mr. Williams's ability to perform light work, as stated in Part II of this Memorandum. Mr. Williams does not state how the ALJ erred in placing these non-exertional limitations on Mr. Williams, and there is substantial evidence supporting the ALJ's RFC assessment.

Mr. Williams states many times that the ALJ should have used a Vocational Expert ("VE") to determine whether jobs exist in the national and regional economy for a person with Mr. Williams's limitations. The ALJ did question a VE in this case, who determined that Mr. Williams could perform the position of an appointment clerk. (R. at 57.) Mr. Williams does not state how he is unable to perform this position, and there is substantial evidence supporting the ALJ's reliance on the VE.

The ALJ properly took Mr. Williams's obesity into account in making her RFC determination. As Mr. Williams admits, the ALJ found at step two that Mr. Williams "is obese, which complicates his other conditions." (R. at 14.) Additionally, in determining Mr. Williams's RFC, the ALJ found that Mr. Williams "has not reduced his weight, which could needlessly exacerbate these and other medical problems." (R. at 16.) Mr. Williams does not state how else the ALJ should have factored in his obesity, or what further limitations she should have placed on Mr. Williams's ability to work. Therefore, the ALJ properly considered Mr. Williams's obesity and properly factored it into her RFC determination.

## V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 24th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE